UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHNSON, Plaintiff, v. RAMAN PATEL, M.D., et al., Defendant(s). | Case No. CV 14-1598-RGK (KK) FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable R. Gary Klausner, United States District Judge, pursuant to Title 28 of the United States Code, section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

Plaintiff Robert Johnson ("Plaintiff") has filed a pro se prisoner civil rights action alleging defendant Raman Patel, M.D. ("Defendant") was deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth and Fourteenth Amendment rights. ECF Docket No. ("dkt.") 13, First Amended

Complaint at 2, 4, 6, 9, 10, 14.[1] Defendant Patel has filed a Motion for Summary Judgment ("Motion") arguing: (1) Plaintiff did not have a serious medical condition when he left Defendant's care and, thus, Defendant did not act with deliberate indifference; and (2) Defendant is entitled to qualified immunity. Dkt. 87, Motion. For the reasons set forth below, the Court recommends denying the Motion.

**II.**

**RELEVANT PROCEDURAL HISTORY**

On July 9, 2014, Plaintiff filed a First Amended Complaint ("FAC") against Defendant and four prison officials (D. Drayton, J. Garcia, Lawson, and Rush) alleging deliberate indifference to Plaintiff's serious medical needs in violation of Plaintiff's Eighth and Fourteenth Amendment rights. Dkt. 13, FAC at 6. The FAC arises out of allegations that Defendant Patel bruised Plaintiff's colon during a colonoscopy procedure and defendants thereafter ignored Plaintiff's complaints of a medical emergency and delayed Plaintiff's medical care. Id. at 9-16. Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages. Id. at 16, 18.

On May 26, 2016, Defendant Patel, the sole remaining defendant,[2] filed the instant Motion. Dkt. 87. Defendant concurrently filed: (1) Statement of Uncontroverted Facts and Conclusions of Law ("Def.'s SUF") (dkt. 87-1); (2) declaration of Michael Vincent Ruocco ("Ruocco Decl.") with supporting exhibits, including medical records from United Medical Endoscopy Center dated 3/8/2013, prison medical records dated 1/31/2013 and 3/8/2013, and excerpts

---

[1] The Court's paginated references to the FAC reflect the page numbers displayed at the top of each page on CM-ECF.

[2] With respect to defendant Garcia, on June 18, 2015, the Court granted defendant Garcia's motion to dismiss with leave to amend. Dkt. 60. Plaintiff did not file an amended complaint. With respect to defendants R. Rush, D. Drayton, and K. Lawson, on September 8, 2015, the Court issued an order dismissing the action with prejudice pursuant to the parties' stipulation. Dkt. 72.

from relevant depositions (dkt. 87-2); (3) declaration of Raman Patel, M.D. ("Patel Decl.") (dkt. 87-3); and (4) declaration of Graham Woolf, M.D. ("Woolf Decl.") (dkt. 87-4). Defendant also concurrently lodged a CD containing a pdf of the medical records from United Medical Endoscopy Center dated 3/8/2013.[3] Dkt. 87-5.

On May 27, 2016, the Court issued an Order notifying Plaintiff of the requirements for opposing a motion for summary judgment, pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (*en banc*). Dkt. 88.

On August 24, 2016, Plaintiff filed an Opposition to the Motion with eight attached exhibits: (A) excerpts from Defendant Patel's Responses to Plaintiff's Requests for Admission and Defendant Patel's Responses to Plaintiff's Special Interrogatories; (B) excerpts from Plaintiff's deposition; (C) medical records dated 3/8/2013, Order dismissing action against three prison official defendants following settlement agreement, and Stipulation of Voluntary Dismissal; (D) excerpts from Ignacio Ibarra, R.N.'s deposition, medical note authored by Ibarra, and declarations of Travon Demetrius Pugh, O.Z. Martin, and Ronnie Jones; (1A) medical records dated 3/8/2013-3/18/2013; (2B) medical records dated 3/8/2013-3/18/2013; (3C) excerpts from depositions of Bruce Johnson and Standish Berry, and prison transportation logs from 3/8/13; and (4D) medical records from years 2014-2016. Dkt. 91.

On September 9, 2016, Defendant filed a Reply to Plaintiff's Opposition ("Reply") and Objections to Plaintiff's Evidence ("Objections"). Dkt. 92.

The Motion thus stands submitted and ready for decision.

///

---

[3] While the Notice of Lodging (dkt. 87-5) states the CD also contains complete deposition transcripts, it does not contain *any* depositions or excerpts of depositions. The portions of depositions referred to in the Statement of Uncontroverted Facts or Defendant's Motion are attached to the Ruocco Declaration.

## III.

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

When ruling on a summary judgment motion, the district court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980). Furthermore, the Court must not make credibility determinations with respect to the evidence offered. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Matsushita, 475 U.S. at 587).

An affidavit or declaration may be used to support or oppose a motion for summary judgment, provided it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In addition, pursuant to Central District Local Rule 56-3, the Court assumes the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

**IV.**

**DEFENDANT'S EVIDENTIARY OBJECTIONS**

Defendant's Objections Nos. 2, 5, and 6 object to Plaintiff's Exhibits 1(A), 2(B), and 3(C) and the Declaration of O.Z. Martin. Dkt. 92-1. The Court finds it is not necessary to consider these documents for purposes of this Motion and overrules Defendant's Objections as moot.

Defendant's Objection No. 1 objects to paragraphs 23 through 26 of Plaintiff's Declaration. Id. at 2. The Court finds it is not necessary to consider these paragraphs for purposes of this Motion and overrules Defendant's Objections as moot.

Defendant's Objection No. 3 objects to paragraph 20 of Plaintiff's Declaration, which states "Nurse Rush said everyone feels this type of discomfort and that I needed to go back to my cell and eat, and drink some water." Id. at 4. Defendant objects on the grounds of hearsay. Plaintiff has not offered this statement for its truth, thus, Defendant's objection is overruled. See Fed. R. Evid. 801.

Defendant's Objection No. 4 objects to paragraph 15 of Plaintiff's Declaration, which states "I was visually exhibit three of the warning signs that doctor advised to watch for." Id. at 5. Defendant objects on the grounds the "opinion lacks foundation, is speculative, and without legal basis." Id. Defendant's objection lacks merit and is, thus, overruled.

///

///

///

///

///

///

///

V.

**RELEVANT FACTUAL BACKGROUND**

**A. UNCONTROVERTED FACTS**

The following material facts are supported adequately by admissible evidence and are uncontroverted.[4] They are "admitted to exist without controversy" for the purposes of the Motion. See L.R. 56-3.

Plaintiff is a California state prison inmate. FAC at 9; Memorandum of Points and Authorities in Support of Motion at 1. On March 8, 2013, Defendant performed an elective colonoscopy procedure on Plaintiff at United Medical Endoscopy Center. Ruocco Decl., Exh. A[5] at 4, 43; Patel Decl., ¶ 3; Woolf Decl., ¶ 9. Defendant authored a report stating the "colonoscopy was performed with ease," Plaintiff "tolerated the procedure well," and there were "[n]o immediate complications." Ruocco Decl., Exh. A at 4, 43. A postoperative note stated Plaintiff did not show any sign of injury from the procedure. Id., Exh. A at 37.

Following the procedure, Plaintiff was advised to notify a physician if he experienced "chills or fever occurring within 24 hrs after the procedure," "severe abdominal pain or bloating," or a "large amount of rectal bleeding." Id., Exh. A at 32. Plaintiff was then transported back to his prison facility. Id., Exh. H at 4-5.

Upon returning to prison between 10:30 a.m. and 10:45 a.m. that morning,[6] prison nurse Ignacio Ibarra, R.N., evaluated Plaintiff and authored a treatment

---

[4] To the extent certain facts, or conclusions, are not mentioned in this Report, the Court has not relied on them in reaching its decision. In addition to considering the evidentiary objections raised by Defendant, the Court has independently considered the admissibility of the evidence underlying both parties' papers and has not considered facts that are irrelevant or based upon inadmissible evidence.

[5] Unless otherwise noted, all further references to exhibits refer to Defendant's Exhibits.

[6] Nurse Ibarra noted he evaluated Plaintiff at 10:30 a.m. Id., Exh. B at 11. However, the transporting officer logged Plaintiff's return to the prison at 10:45 a.m. Id., Exh. G at 12, Exh. H at 4.

note. Id., Exh. B at 11, Exh. E at 11.[7] Nurse Ibarra wrote in the note that Plaintiff stated he was "fine," he showed "[n]o sign of distress," and he "[d]enie[d] abdominal pain or bloating." Id., Exh. B at 11.

Within about two hours of Ibarra's evaluation, Plaintiff reported to prison nurse R. Rush, R.N. Id., Exh. B at 12. Nurse Rush's treatment note states Plaintiff presented for a wound check on his knee that had been surgically repaired two days earlier. Id., Exh. B at 12, Exh. C at 3-4. At that time, Plaintiff complained of abdominal cramping of 6 on a 10-point scale, and stated he needed to use the bathroom. Id., Exh. B at 12.

About 5:15 p.m., Plaintiff was taken to the prison's triage and treatment unit with complaints of abdominal pain. Id., Exh. B at 13. Plaintiff complained the pain was a 10 on a 10-point scale. Id. At approximately 6:45 p.m., Plaintiff was noted to be "shivering" and having the "chills." Id. Two hours later, Plaintiff was transported via stretcher to the hospital by the paramedics. Id.

At the hospital, Plaintiff was diagnosed with a mesenteric hematoma. FAC at ¶ 23.

On March 10, 2013, Plaintiff underwent a right hemicolectomy due to disruption of the blood vessels during the colonoscopy. FAC at ¶ 24; Woolf Decl., ¶ 13.

**B. DEFENDANT'S DECLARATION**

According to Defendant's declaration, Defendant performed Plaintiff's colonoscopy with ease and Plaintiff tolerated the procedure well. Patel Decl., ¶ 3. Defendant spoke with Plaintiff after the procedure and Plaintiff did not complain of fever, dizziness, chills, or severe abdominal pain that rated a 10 on a 10-point scale. Id. at ¶ 4. Defendant states Plaintiff "did not show any signs or symptoms of an injury that a reasonable physician or patient would find important and worthy of

[7] The pages of Exhibit E are not consecutively numbered. The Court refers to the page numbers that appear on the pages despite the lack of continuity.

further comment or further treatment." Id. Defendant further states Plaintiff "did not show any signs of chronic or substantial pain." Id. Defendant declares Plaintiff "was stable and in no apparent distress upon discharge from the United Medical Endoscopy Center." Id.

**C. PLAINTIFF'S DECLARATION**

According to Plaintiff's declaration, following the colonoscopy, "[u]pon waking, [Plaintiff] immediately felt a burning sensation in [his] lower abdomen." Dkt. 91, Johnson Declaration ("Johnson Decl.") ¶ 4. Plaintiff further described the feeling as "a searing pain." Id. Defendant Patel "returned to share the results of the examination and explained [Plaintiff] would feel a mild discomfort." Id. at ¶ 5. Plaintiff states he told Defendant Patel he was "feeling pain in [his] lower abdomen and it wasn't the mild discomfort [Defendant Patel] described. This was a ten out of ten on the pain scale." Id., ¶ 6. Plaintiff states Defendant simply told him to "take the issue up with the medical staff once [Plaintiff] got back to prison." Id. at ¶ 7.

Plaintiff further states he continued to complain about his stomach pain to the transportation officers assisting him back to the prison, prison guards, and prison medical staff. Id. at ¶¶ 8-10, 19. Plaintiff claims to have informed Nurse Rush his "stomach was on fire" and he "felt dizzy." Id. at ¶ 19. Plaintiff also states he "visually exhibit[ed] three of the warning signs that doctor advised to watch for" – "[s]evere pain in the stomach other than cramps, chills and sweating" – prior to ultimately being transported to the hospital. Id. at ¶¶ 14-16.

///

///

///

///

///

///

**VI.**

**DISCUSSION**

**A. DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW IN REGARD TO PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT**

**1. Applicable Law**

Prison officials or private physicians under contract to treat state inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and alterations omitted); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (quoting Farmer, 511 U.S. at 837). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quoting Farmer, 511 U.S. at 837).

"Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v.

United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation). A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996).

**2. Analysis**

In the instant case, genuine issues of material fact exist as to whether Plaintiff made Defendant aware of his serious medical condition resulting from an injury he sustained during the colonoscopy. Following the colonoscopy, Plaintiff was advised to notify a physician if he experienced severe abdominal pain. Ruocco Decl., Exh. A at 32. Defendant declares Plaintiff did not inform him he was experiencing severe abdominal pain and Plaintiff did not appear to be in any distress when he was discharged following his colonoscopy. Patel Decl., ¶ 4. However, Plaintiff declares he told Defendant he was experiencing pain that was not like the mild discomfort Defendant told him to expect and that the pain rated a 10 on a 10-point pain scale. Johnson Decl., ¶ 6.

Thus, viewing the facts in the light most favorable to Plaintiff and drawing all inferences in favor of Plaintiff, a reasonable juror could find Plaintiff informed Defendant that he was suffering severe pain following his colonoscopy and, thus, was in need of medical treatment. In essence, the issue of whether Defendant was informed of Plaintiff's serious medical condition, and whether he nonetheless acted in conscious disregard of an excessive risk to Plaintiff's health depends upon a credibility contest between Plaintiff and Defendant. Under these circumstances,

summary judgment is not appropriate. T.W. Elec. Serv., Inc., 809 F.2d at 630-31; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [the judge] is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

## B. DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY

### 1. Applicable Law

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). The qualified immunity analysis is two-pronged. See id. at 232, 236. The first prong asks whether the facts, taken in the light most favorable to the party asserting the injury, show the defendant's conduct violated a constitutional right. Id. at 232. The second prong of the qualified immunity analysis asks whether the constitutional right in question was "clearly established" at the time the conduct at issue occurred. Id. at 232, 236.

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011) (brackets omitted) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law."

Messerschmidt v. Millender, __ U.S. __, 132 S. Ct. 1235, 1244-45, 182 L. Ed. 2d 47 (2012) (quoting Ashcroft, 131 S. Ct. at 2085).

**2. Analysis**

Defendant seeks qualified immunity on Plaintiff's deliberate indifference claim. Motion at 13-16. Plaintiff satisfies the first prong of the qualified immunity analysis because, as discussed in Section V.A.2., the facts, taken in the light most favorable to Plaintiff, show a triable issue of fact regarding whether Defendant was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.

Turning to the second prong, Ninth Circuit "case law clearly establishes that to deny or delay access to medical care constitutes an Eighth Amendment violation." Tatum v. Winslow, 122 Fed. App'x. 309, 312 (9th Cir. 2005) (citing Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) ("Furthermore, it was also clearly established that the officers could not intentionally deny or delay access to medical care.")). Here, Plaintiff has set forth facts that, if found to be true, would establish Defendant violated such clearly established law when Plaintiff complained of severe abdominal pain as a result of an injury he sustained during the colonoscopy and Defendant did not administer medical treatment.

Consequently, viewing the facts in the light most favorable to Plaintiff, Plaintiff has set forth facts sufficient to fulfill both the first and second prongs of the qualified immunity analysis. The Court therefore recommends DENYING Defendant's Motion insofar as it argues Defendant is entitled to qualified immunity.

///

///

///

///

///

## VII.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the Court issue an Order: (1) accepting this Final Report and Recommendation; and (2) DENYING Defendant's Motion for Summary Judgment.

Dated: November 23, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge